MEIERHENRY, Justice
(concurring).
[¶ 13.] I concur with the majority opinion. I write specifically to emphasize that the result of this opinion is that Gustafson is required under the city ordinance to come before the HPC for a demolition permit. The Deadwood City Ordinance requires the HPC to review a permit to demolish as follows:
In addition to any review by the city’s planning and zoning commission and/or building official, to review and to issue or deny a permit for any undertaking or project, whether publicly or privately funded, which will encroach upon, damage or destroy any historic property included in the National Register of His- *633 tone Places or the State Register of Historic Places, which decision to approve or deny shall be based upon the United States Department of the Interi- or Standards for Historic Preservation Projects codified in 36 CFR 67 as of January 1, 1994. Properties owned by the state of South Dakota are exempt from this review. This section shall not apply to any project or undertaking which the historic preservation commission or its staff determines will not encroach upon, damage or destroy any historic property. Such determination shall be based upon the guidelines adopted by the Deadwood historic preservation and district commission(s) [.][5] DCO 17.68.020(0(11) (emphasis added). This language provides Gustafson with the same procedural protections that an owner of locally designated historic property would receive. Therefore, Gustafson still has the right to a hearing on the permit request, and the HPC must consider his permit request under the same criteria as other local, state, or national historically designated property.

. These guidelines are found at DCO 17.68.050.